NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50521 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00599-CAS-1 |
| v. | |
| RUBEN CASTRO, AKA Nite Owl, AKA Tecolote, AKA Teco, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted May 5, 2010[**]
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Defendant-Appellant Ruben Castro appeals the denial of his Motion to Withdraw Guilty Pleas. Castro was indicted in the Central District of California on one count of Racketeer Influenced and Corrupt Organizations ("RICO") Conspiracy, pursuant to 21 U.S.C. § 1962(d), and two counts of Conspiracy to Distribute Controlled Substances, pursuant to 21 U.S.C. § 846. Castro, proceeding pro se but with the assistance of standby counsel, pled guilty as charged without a formal plea agreement to all three counts after a Rule 11 plea colloquy.[1] Shortly thereafter, Castro moved to withdraw those pleas; that motion was denied. This appeal timely followed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

To ensure that a defendant's guilty plea is knowingly, intelligently, and voluntarily made, a district court must advise the defendant of—and confirm the defendant understands—his rights, the nature of the charges against him, and the consequences of pleading guilty. Fed. R. Crim. P. 11(b)(1). The court also must assure itself that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). Once the plea of guilty has been accepted by the district court, a defendant may withdraw that plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A district court's denial

[1]Fed. R. Crim. P. 11.

of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009).

The district court did not abuse its discretion in denying Castro's motion to withdraw his pleas. The record as a whole demonstrates that Castro was adequately advised of the nature of the charges against him and voluntarily pled guilty to them. Further, the government's proffer and Castro's admissions provided a sufficient factual basis for his pleas. Castro has not shown a fair and just reason why he should be permitted to withdraw his pleas.

**AFFIRMED.**